﻿Citation Nr: AXXXXXXXX
Decision Date: 03/12/19 Archive Date: 03/12/19

DOCKET NO. 181130-1708
DATE: March 12, 2019

ORDER

Service connection for a low back disability (claimed as chronic back pain) is denied.

FINDING OF FACT

The most probative evidence weighs against a finding that a low back disability had onset during active service, manifested within one year of service discharge, is otherwise related to active service, or was caused or aggravated by the Veteran’s service-connected back disability.

CONCLUSION OF LAW

The criteria for service connection for a low back disability have not been met. 38 U.S.C. §§ 1101, 1110, 1113, 1131; 38 C.F.R. §§ 3.303, 3.304, 3.307, 3.309, 3.310.

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program. 

The Veteran served on active duty from August 1980 to April 1982. The Veteran selected the Higher-Level Review lane when he submitted the RAMP election form. Accordingly, the September 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this RAMP rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

Service Connection for Low Back Disability

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by service. See 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303 (a). In general, service connection requires competent evidence showing: (1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004). Service connection may also be granted for any disease diagnosed after discharge when all of the evidence establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d). 

Arthritis may be presumed to have been incurred in service, although not otherwise established as such, if manifested to a degree of 10 percent or more within one year of the date of separation from service. 38 U.S.C. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309. Service connection for chronic disease may be established through a showing of continuity of symptomatology since service. The option of establishing service connection through a demonstration of continuity of symptomatology is specifically limited to the chronic disabilities listed in 38 C.F.R. § 3.309(a). See Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

The Board has reviewed all of the evidence in the claims file. Although the Board has an obligation to provide reasons and bases supporting this decision, there is no need to discuss, in detail, the extensive evidence of record. Indeed, the Federal Circuit has held that the Board must review the entire record, but does not have to discuss each piece of evidence. Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000). Therefore, the Board will summarize the relevant evidence where appropriate, and the Board's analysis below will focus specifically on what the evidence shows, or fails to show, as to the claim.

The Veteran asserts that her low back disability is related to active military duty. Specifically, she alleges that she fell during training and several soldiers fell on top of her. She also reported worsening pain during training after this incident.

Initially, the Board notes post-service medical records dated January 2010 indicate diagnoses of chronic low back pain and degenerative joint disease (DJD). However, the Veteran’s service treatment records do not show evidence of complaints of, treatment for, or diagnoses of a low back condition. In fact, the Veteran reported that she never had arthritis in September 1981. 

The evidence is against a finding that DJD manifested to a compensable degree within one year of the Veteran's separation from active service. The Veteran first sought treatment for back pain nearly 25 years post-service in September 2006. Only in February 2007 does the record include a VA treatment note showing x-ray evidence of minimal DJD. Thus, presumptive service connection is not warranted here. 38 C.F.R. §§ 3.307, 3.309.

The Board notes that an April 2007 VA treatment note indicates the Veteran had chronic back pain since October 2006 subsequent to lifting a heavy object at work. However, a June 2009 physical therapy note reflects the Veteran’s report of having back pain since an in-service back injury. Subsequent treatment notes only show complaints of and treatment for back pain. As such, the evidence of record does not show that the Veteran’s back injury is related to service. 

In making these findings, the Board is cognizant of the lay statements of the Veteran, regarding a nexus between her in-service back injury and active military. In this regard, the Board finds that they are not competent as to a nexus. Although it is error to categorically reject a lay person as competent to provide a diagnosis or nexus opinion, not all such questions are subject to non-expert opinion. Davidson v. Shinseki, 581 F.3d 1313, 1316 (Fed. Cir. 2009). Whether a layperson is competent to provide a medical opinion depends on the facts of the particular case. “Lay evidence can be competent and sufficient to establish a diagnosis of a condition when (1) a layperson is competent to identify the medical condition, (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional.” Jandreau v. Nicholson, 492 F.3d 1372, 1377 (Fed. Cir. 2007). Lay witnesses are competent to report that which they have observed with their own senses. See Layno v. Brown, 6 Vet. App. 465, 469 (1994). But here, the linking of a low back disability, which is an internal medical process not capable of lay observation, to service, is clearly distinguishable from ringing in the ears, a broken leg, or varicose veins, all of which are capable of lay observation. See Jandreau, 492 F.3d at 1377; Barr v. Nicholson, 21 Vet. App. 303, 310 (2007); Charles v. Principi, 16 Vet. App. 370, 374 (2002). As such, the lay statements pertaining to these issues are not competent lay evidence. Regardless, these assertions are outweighed by the medical evidence of record, which shows that low back disability first occurred many years post service. The absence of any medical records of a diagnosis or treatment for many years post service is probative evidence against the claim. See Maxson v. Gober, 230 F.3d 1330, 1333 (Fed. Cir. 2000).

As there is no competent medical evidence linking low back disability to active 

 

military service, the claim must be denied. There is no reasonable doubt to be resolved in this matter. 38 U.S.C. § 5107; 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

 

M. H. HAWLEY

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD A. Norwood, Associate Counsel